```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       Alexandria Division


                                   )
NANCY SEARLS AND CRAIG SEARLS,     )
                                   )
        Plaintiffs,                )
                                   )
             v.                    )   Civ. No. 1:14cv578
                                   )
SANDIA CORPORATION,                )
                                   )
        Defendant.                 )
                                   )
```

MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Production of Certain Documents and for In Camera Review (Dkt. 60). After oral argument on March 20, 2015, the undersigned took this matter under advisement. After an in camera review of all documents at issue, the undersigned finds that they are privileged attorney-client material, and that they are therefore not discoverable. For the following reasons, the Motion to Compel (Dkt. 60) is hereby DENIED with regards to Documents 1, 5, 8, and 13.

BACKGROUND

The plaintiffs brought suit against their former employer, defendant Sandia, under the Employee Retirement Income Security Act (ERISA). Their Complaint (Dkt. 1) alleges that defendant breached their contract when it reduced benefits to plaintiffs

1

in violation of the Special Leave of Absence agreement (SLOA) the parties had previously entered. During the discovery process, Sandia submitted their privilege log containing fifteen documents indicated by Sandia as protected by the attorney-client privilege. (Dkt. 59-1.) Plaintiffs filed their motion to compel these and other documents, arguing that they were subject to the fiduciary exception to the attorney-client privilege. The Court has now reviewed the first four documents submitted for in camera review, Documents 1, 5, 8 and 13.

## ANALYSIS

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). However, this well-established privilege is not absolute. The Fourth Circuit has adopted the reasoning of other circuits in finding that a "fiduciary exception to attorney-client privilege extends to communications between an ERISA trustee and a plan attorney regarding plan administration." Solis v. Food Employers Labor Relations Ass'n, 644 F.3d 221, 228 (4th Cir. 2011). That is, "where an ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the attorney-client privilege against the plan beneficiaries." Id. at 227 (quoting United States v.

Mett, 178 F.3d 1058 (9th Cir. 1999)).

The Fourth Circuit has also recognized that the fiduciary exception is "not without limits." Solis, 644 F.3d at 228. The exception does not apply to communications between ERISA fiduciaries and plan attorneys regarding a fiduciary's "personal defense in an action for breach of fiduciary duty" or communications "regarding non-fiduciary matters, such as adopting, amending, or terminating an ERISA plan." Id. at 228 (citing Mett, 178 F.3d at 1064, and Bland v. Fiatallis N. Am. Inc., 401 F.3d 779, 78-88 (7th Cir. 2005)).

In analyzing whether memoranda prepared by ERISA plan administrators' attorneys were considered part of "plan administration" and therefore properly under the fiduciary exception, the 9th Circuit examined the content and context of the memoranda. Mett, 178 F.3d at 1064. The Court concluded that the memoranda were "plainly defensive . . . and aimed at advising the trustees 'how far they were in peril'." Id. (internal citations omitted). Because the memoranda were advising defendants of their "personal civil and criminal exposure", the advice was "not prepared for the benefit of the plan or the beneficiaries, nor was it advice regarding administration of the plan." Id. Essentially, "where a fiduciary seeks legal advice for her own protection, the core purposes of the attorney-client privilege are seriously

3

implicated and should trump" beneficiaries' right to disclosure under any fiduciary exception to the privilege. Id. at 1065. A California District Court summarized Mett as "endorsing a test that focuses on the intended recipient of the advice and the purpose for which it is sought." Fischel v. Equitable Life Assurance, 191 F.R.D. 606, 609 (N.D. Cal. 2000).

This reading of the fiduciary exception is warranted by public policy. In ERISA cases, the attorney-client privilege "encourages a trustee to seek advice about its potential liability." Fischel, 191 F.R.D. at 609. If trustees are afraid to seek legal advice, a plan might be "designed, amended or administered in a legal vacuum" which would ultimately harm beneficiaries in this complex area of law. Id.; see also Mett, 178 F.3d at 1065.

The first four documents submitted for in camera review (Documents 1, 5, 8, and 13) contain legal analysis of legal risks relating to the potential liability of defendant concerning the SLOA and Retirement Income Plans' non-duplication provisions. They constitute legal advice aimed at addressing the liability of the plan's fiduciaries should they adopt certain changes to the plan. Therefore, the defendant was not acting as a fiduciary at the time they sought this advice, and the documents are not part of "plan administration." Instead, the documents are protected by the attorney-client privilege and

4

rightly withheld from plaintiffs.  The Court will issue a second Order addressing the later-submitted documents.

                                                  /s/
                              THERESA CARROLL BUCHANAN
                              UNITED STATES MAGISTRATE JUDGE

March 24_, 2015
Alexandria, Virginia